UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 05-31205-DHW
                                              Chapter 13
ATHEAL PIERCE,

         Debtor.

MEMORANDUM OPINION

The debtor filed a motion on March 27, 2006 "to continue the open status of case to address fraud FRCP 60 b-6" and "to withdraw the request for dismissal and for reinstatement of the third petition of Pierce." This chapter 13 case was dismissed at the request of the debtor on September 15, 2005. The motion will be treated as a motion to reinstate the case.

The motion came on for hearing on April 10, 2006. The debtor submitted the motion to the court for decision. A brief case history will be helpful.

The debtor filed this chapter 13 case *pro se* on April 26, 2005. He filed a chapter 13 plan on May 12, 2005 proposing to pay the chapter 13 trustee $500 each month. The debtor's payments to the trustee were due to commence no later than June 13, 2005.

American General Finance filed a motion on June 15, 2005 for relief from the automatic stay to foreclose the debtor's interest in two pieces of real property. The motion was predicate on the debtor's failure to make any direct postpetition payments to the creditor or any payments to the chapter 13 trustee. The motion stated that the debtor was not adequately protecting the creditor's interest in the property.

The debtor obtained counsel who filed a second plan on July 11, 2005, which increased the debtor's payments to the trustee to $696 each month. The debtor filed a third plan *pro se* on July 13, 2006, which

modified provisions of the second plan filed by his attorney.  Both plans provided for direct postpetition payments to American General. The debtor also filed amended schedules *pro se*.

His attorney filed a motion to withdraw as counsel.  The motion to withdraw came on for hearing on August 8, 2005 at which time the debtor consented to the motion, and the motion was granted.

After granting the motion, the court heard the motion for relief from stay filed by American General.  The debtor had filed *pro se* objections to the motion which had no legal merit.  The creditor stated that the debtor had still not commenced postpetition direct payments on the mortgages. The debtor did not deny the four-month default.

The court entered an order on August 15, 2006 allowing the debtor 30 days to cure the default.  If the debtor did not cure the default in 30 days, the stay would lift without further order of the court.

The debtor filed a motion on August 25, 2006 to reconsider the order.  The motion came on for hearing on September 12, 2005.  Prior to the hearing, American General filed a motion to dismiss this bankruptcy case with a 180-day injunction against refiling.  The motion to dismiss was scheduled to be heard on September 19, 2005 along with confirmation of the plan.

On the morning of September 12, 2005, the debtor filed a motion to voluntarily dismiss this case.  The debtor had an absolute right to dismiss the case under 11 U.S.C. § 1307(b).  The court had no discretion but to grant the motion. Dismissal of the case mooted the motion to reconsider the order conditionally terminating the stay.

At the hearing on September 12, 2006, counsel for American General informed the court of its pending motion to dismiss with a 180-day bar against refiling.  The court stated the motion would be considered in due course when it came on for hearing on September 19, 2005.

Following the September 12, 2006 hearing, the court entered an order on September 15, 2006 dismissing this case with a 180-day bar against refiling without waiting for the hearing on September 19, 2005. The court imposed the bar because 11 U.S.C. § 109(g)(2) renders a debtor ineligible for refiling within 180 days if the debtor voluntarily dismisses the case following the filing of a request for relief from the automatic stay. Because this debtor had done just that, the statute barred the debtor from refiling, irrespective of the request for a bar by any creditor. The court entered the bar as a matter of law and dismissed the creditor's motion as moot.

The order dismissing the case with the 180-day bar entered on September 15, 2005. By that time, the debtor had remitted only $500 to the chapter 13 trustee during the entire pendency of the case – less than one month's payment under the plan. The payment was made on July 13, 2005.

The debtor filed a timely notice of appeal. The notice of appeal references only the September 15, 2005 order dismissing the case with a 180-day bar. The debtor made various arguments on appeal, including an allegation that "his petition was dismissed through fraud and conspiracy perpetrated by the creditor and the bankruptcy trustee." The district court held that the argument was unsupported by the evidence and without merit. The district court affirmed the imposition of the 180-day bar.

The debtor filed a notice of appeal of the district court's decision to the Eleventh Circuit Court of Appeals. The district court denied the debtor's motion to proceed in forma pauperis on appeal, finding that the appeal was filed in bad faith and without merit in fact or law. The appeal to the Eleventh Circuit is still pending.

The debtor filed the instant motion on March 27, 2006 to reinstate the case. For the following reasons, the motion is due to be denied.

Because the motion was filed over 6 months after the entry of the

3

order of dismissal, Fed. R. Civ. Proc. 60(b) governs determination of the motion.[1] The debtor cites to Rule 60(b)(6) which allows the court to relieve a party from an order for any "reason justifying relief from the operation of the judgment." However, the debtor also alleges fraud which is a basis for relief under Rule 60(b)(3). The court will address each of the arguments made by the debtor in support of the motion.

The debtor contends that American General Finance neither requested nor received lawful authority to repossess the real property located at 5916 Havenwood Drive, Montgomery, Alabama. However, upon dismissal of the case, the automatic stay terminated by operation of law. 11 U.S.C. § 362(c)(2). American General did not need permission from the bankruptcy court to foreclose the debtor's interest in the property after the case had been dismissed.

The debtor contends that American General Finance Company "did not disclose the equity money I have in the property." The "property" is not identified. However, the allegation is without merit. The debtor was aware of his equity, if any, in the property because his plan set forth both the value of each property and the amount of the creditor's claim secured by each property. In addition, the creditor's motion for relief from stay sets forth the amount of its claims secured by the properties addressed in the stay motion.

In addition, the granting of the stay motion was not predicated on the debtor's lack of equity in the property. The granting of the stay motion was predicated on the debtor's failure to adequately protect the creditor's interest in the property as provided by the debtor's plan. Under 11 U.S.C. § 362(d), the court is required to terminate the automatic stay for cause, including lack of adequate protection of the creditor's interest in the property. The debtor's plan provided for direct postpetition payments to American General to adequately protect the creditor. The debtor did not

---

[1] Fed. R. Civ. Proc. 60(b) is made applicable to bankruptcy cases by Fed. R. Bankr. Proc. 9024.

4

deny his failure to make the postpetition payments. The court even allowed the debtor 30 days to bring the payments current. If the debtor did not bring the payments current, the stay was due to lift under the terms of the conditional order.

The debtor contends that the court "over looked the fact that [his lawyer] dealt with American General Finance and there was no bar because the plan was to be considered for approval." The court is unsure what is meant by this contention. However, the debtor's lawyer "dealt with American General" by providing in the plan for direct postpetition payments. Further the debtor discharged his lawyer at the hearing on the motion for relief from the automatic stay. The debtor was required to make the payments required by his plan whether or not the plan had been confirmed. *See* 11 U.S.C. § 1326.

The debtor contends that the court "overlooked the fact that [the debtor] paid into the unconfirmed plan." However, the debtor paid only $500 into the unconfirmed plan – less than one month's payment of the four that came due before the case was dismissed. The debtor's payment record alone would have supported dismissal of the case by the court.

The debtor contends that the court "over looked the fact that Pierce is entitle to protection under the Bankruptcy laws." However, the debtor is not entitled to protection beyond the protection that the laws provide.

The debtor contends that the court "must stay all of its orders since Pierce appealed its decision." The contention is erroneous. Fed. R. Bankr. Proc. 8005 allows a party to file a motion to stay an order pending appeal. If the motion is not filed, there is no stay of the order. Even if a motion is filed, relief is not mandatory but discretionary with the court. Pierce did not file a motion to stay operation of the order pending appeal.

The debtor contends that the court "docket office fail to list American General Finance Company in its title of case style." However, American General is appropriately excluded from the case style of the docket sheet.

5

American General is neither a debtor in this case nor a party in any adversary proceeding pending in connection with this case. American General is merely a creditor of the debtor and as such, a party in interest in this case.

The debtor contends that the court "overlooked the fact that Pierce alleged fraud and did seek in motion form, an evidentiary hearing." The motion to reconsider the order conditionally terminating the stay contained a request for an evidentiary hearing and also alleged that the order was inconsistent with the court's ruling from the bench in that it contained the bar to refiling. As explained above, the court entered the order by force of statute – not fraud. A hearing was neither necessary nor helpful because no evidence presented could have changed the express words of the statute. The debtor then mooted the motion to reconsider by voluntarily dismissing his case.

The debtor contends that the court "failed to submit the matter to arbitration that was duly requested involving American General Finance." However, the court is not aware of any request for arbitration or any provision for arbitration under the Bankruptcy Code.

The debtor contends that the court "failed to treat the third [plan] of Pierce as the new case." However, the third plan was duly set for both a meeting of creditors and a confirmation hearing. The plan was then mooted by the voluntary dismissal of this case. The third plan on which the debtor relies provided for direct payments to American General Finance. Therefore, the action taken by this court was consistent with the provisions of the debtor's third plan.

The debtor contends that if he "is not allowed to get complete relief then Pierce would have no other remedy but to file federal suit for fraud and wrong doing." However, the debtor is not entitled to relief for which the law makes no provision. The debtor received the relief he requested — voluntary dismissal of the case. The creditors received the relief to which they were entitled — a 180-day bar against refiling.

6

The debtor requests that the court allow him to withdraw his request for a voluntary dismissal because he was not aware that a 180-day bar would be imposed. However, the debtor became aware of the imposition of the bar as soon as he received the order in September 2005. The debtor sought relief from that order by filing a timely notice of appeal which is currently pending. The debtor may not have been aware that a voluntary dismissal on the heels of a motion for relief from stay would render him ineligible to refile within 180 days. However, "once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

The court has carefully construed every contention made by the debtor and found each to be without merit. In addition, the court finds this motion particularly troubling in that it appears to be nothing more than an attempt to circumvent the unfavorable ruling received from the district court on appeal. The debtor raised and the district court addressed both the propriety of the 180-day bar and the debtor's general allegations of fraud. Therefore, the debtor is now seeking to vacate the very order which is currently the subject of an appeal to the Eleventh Circuit. Vacation of the order would undermine the appellate process.

The debtor was privileged to move the bankruptcy court for reconsideration of the order prior to filing a notice of appeal. He did not do so. Neither did he file a motion to stay the operation of the order pending appeal. The order became final over 6 months ago. The debtor has shown no grounds under Rule 60(b) which would entitle the debtor to set the order aside. The debtor may have been unaware that his actions subjected him to a statutory bar. However, the debtor is responsible for his actions in choosing to proceed *pro se* in this chapter 13 case.

7

If the debtor still wants bankruptcy protection, the statutory injunction has expired and no longer prohibits the filing of another case. However, if the debtor files another chapter 13 bankruptcy case, he will be subject to the laws governing chapter 13 cases, including the requirement that the case be filed in good faith.

The debtor alleges that he brought his payments to American General current before the stay lifted under the terms of the conditional order. The debtor was free to obtain a declaratory judgment of the respective rights of the parties under the conditional order. The order became final in August 2005. The debtor moved to reconsider the order but then mooted the motion by voluntarily dismissing the chapter 13 case. Therefore the debtor voluntarily terminated bankruptcy court jurisdiction of the issue. If American General wrongfully foreclosed the debtor's interest in his real property, the debtor may litigate that claim in state court.

For the above reasons, the court concludes that the debtor's motion is due to be denied as without merit and in addition, violative of the appellate process.

Done this 17th day of April, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Britt Batson Griggs, Attorney for American General
Curtis C. Reding, Trustee
Dorothy P. Riggins, Creditor